IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the IRON WORKERS TRI-STATE WELFARE PLAN, | )<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION<br>) |
| v. | )<br>) CASE NO. |
| SECURITY FENCE CO., INC. a dissolved Illinois corporation and JEFFREY H. COLE, individually and d/b/a SECURITY FENCE, CO. INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, TRUSTEES of the IRON WORKERS TRI-STATE WELFARE PLAN, ("Trust Fund"), by its attorney, Daniel P. McAnally, complain of the Defendants, SECURITY FENCE CO., INC. a dissolved Illinois corporation and JEFFREY H. COLE, individually and d/b/a SECURITY FENCE, CO. INC. and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act "ERISA", 29 U.S.C. §1132. Jurisdiction is founded on the existence of questions arising thereunder.

2. The Trust Fund receives contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the International Association of Bridge, Structural and Ornamental and Reinforcing Iron Workers ("Union"), and therefore are multi-employer plans. (29 U.S.C. §1002). The Trust Fund is administered in Mokena, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendants are employers engaged in an industry affecting commerce which entered into Agreements which require Defendants to pay fringe benefit contributions to the Trust Fund.

4. Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5. The Defendants must submit monthly reports listing the hours worked by its iron worker employees ("contribution reports") and to make concurrent payment of contributions to the Trust Fund based upon the hours worked by its carpenter employees.

6. The Defendants breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit reports to the Trust Fund for the period January 2018 through the present and by failing to pay liquidated damages on previously submitted contributions.

7. Plaintiffs have complied with all conditions precedent in bringing this suit.

8. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

9. Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

10. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendants.

11. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

      a)    double interest on the unpaid contributions; or

      b)    interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

12. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

a) That the Defendants be ordered to submit fringe benefit reports and pay contributions for the months January 2018 through present.

b) That the Plaintiffs be allowed to submit as estimate of the amount of contributions due should the Defendants fail to submit the reporting forms.

c) That the Defendants be ordered to pay liquidated damages pursuant to the Trust Agreements.

d) That the Defendants be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

e) That the Defendants be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

f) That the Defendants be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs, both pre and post judgment, pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

g) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants' costs pursuant to 29 U.S.C. §1132(g)(2)(E).

                  Respectfully Submitted,

                  Trustees of the Iron Workers
                  Tri-State Welfare Plan

                  By:    /s/Daniel P. McAnally

Daniel P. McAnally
McGann, Ketterman & Rioux
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601
(312) 251-9700
dmcanally@mkrlaborlaw.com